# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EDWARD LEVI JONES, *et al.*, | : | |
| Plaintiffs, | : | |
| | | Case No. 3:04cv00214 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| HARCO BRAKE SYSTEMS, *et al.*, | : | Magistrate Judge Sharon L. Ovington |
| Defendants. | : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

**I.     PROCEDURAL HISTORY**

Plaintiffs originally filed this case *pro se* against their employer Harco Brake Systems, Inc., numerous individuals, and American Heritage Insurance Company raising many allegations concerning Defendants' purported acts against Plaintiffs and other employees of Defendant Harco. Plaintiffs' Complaint details their allegations and claims in a total of fifty-eight pages containing 273 paragraphs. Although a concise summary of this lengthy Complaint is not possible, for present purposes, the most pertinent allegations and claims appear in the following:

> The Cause[s] of Action in this matter are premised on 42 U.S.C. [§]1981, seeking remedy of unfair labor practices, insurance fraud damages, unsafe work place and hostile work environment currently existing at the physical plant of defendants' corporation at 600 HARCO Drive, Englewood, Ohio, endangering the health and safety of the people employed at that location, where corporate servants, agents, subordinates and supervisory employees implement habit [sic] routine and practice of retaliation and termination of anyone speaking out against the matters set forth hereinafter.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(Doc. #2 at 2).[2]

In a prior Report and Recommendations, the undersigned Judicial Officer concluded that Defendant Harco and the individual Defendants' Motion to Dismiss, which Plaintiffs did not oppose, should be granted and that Plaintiffs' claims against these Defendants should be dismissed. (Doc. #14). Plaintiffs did not file objections to the Report and Recommendations. Noting this, and after conducting a *de novo* review, District Judge Walter Herbert Rice filed a Decision and Entry in November 2004 adopting the Report and Recommendations. (Doc. #15). This resulted in the dismissal of Plaintiffs' claims against Defendant Harco and the individual Defendants (hereafter, "the former Defendants"). *Id.* Defendant American Heritage Insurance Company remained a party to this case and is not involved in the presently pending matters.

Plaintiffs filed an appeal of the November 2004 Decision and Entry. The United States Court of Appeals for the Sixth Circuit dismissed Plaintiffs' appeal for lack of appellate jurisdiction. The Court of Appeals reasoned that because the Decision and Entry did not dismiss Defendant American Heritage Insurance Company, it was not a final appealable decision. (Doc. #20).

In October 2005, the case was referred to the undersigned upon the full consent of the remaining parties, Plaintiffs and Defendant American Heritage. (Doc. #23). Also in 2005, Plaintiffs were permitted to file an Amended Complaint, and they further filed various Motions and Memoranda seeking, in part, relief under Fed. R. Civ. P. 60(b) from the November 2004 Decision and Entry. Plaintiffs argued that the Decision and Entry committed an error of law by dismissing their 42 U.S.C. §1981 claims, and as a result, relief from the Decision and Entry was warranted

---

[2] The prior Report and Recommendations provides further information about the Complaint. (Doc. #14 at 1-3).

2

under Rule 60(b). (Doc. #46 at 2).

The Court filed a Decision and Entry in September 2006 declining to resolve Plaintiffs' Rule 60(b) Motion due to the absence of a specific response by the former Defendants to Plaintiffs' §1981 claim. The Court also denied Plaintiffs' other Motions without prejudice to renewal upon determination of Plaintiffs' Rule 60(b) Motion. (Doc. #46 at 3).

Plaintiffs' Rule 60(b) and §1981 claims are again before the Court at present due to the following: the former Defendants' Memorandum in Response to the September 2006 Decision and Entry (Doc. #48), Plaintiffs' Memorandum in Response (Doc. # 50), the former Defendants' Reply (Doc. #51), Plaintiffs' Response to Reply (Doc. #52), Plaintiffs' Motion to Renew their Rule 60(b) Motion (Doc. #55), the former Defendants' Motion to Strike (Doc. #56), and Plaintiffs' Response to Motion to Strike (Doc. #57).

In addition, the former Defendants have filed a Notice indicating that they do not consent to plenary jurisdiction of the undersigned (Doc. #49), hence this Report and Recommendations (rather than a Decision and Entry) concerning the pending matters, *see* 28 U.S.C. §636(b)(1), (c)(1).

**II.      ANALYSIS**

    **A.      The Former Defendants' Timeliness Arguments Lack Merit**

The former Defendants contend that because Rule 60(b) required Plaintiffs to file their Motion within a "reasonable time" after the Decision and Entry of November 2004, and because *Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir. 1983) set thirty days as Rule 60(b)'s "reasonable time" for filing such motions, Plaintiffs' Rule 60(b) Motion was untimely.

The United States Court of Appeals has explained Rule 60(b)'s time limits – and *Barrier* – as follows:

3

>Time limitations govern the filing of a Rule 60(b) motion, but the rule states generally that '[t]he motion shall be made within a reasonable time.' We have held that 'reasonable time' under 60(b) means that if a reason to set aside the judgment is known within the time for filing notice of appeal, a motion should be brought under Rule 60(b)(1) during that period. *Barrier v. Beaver,* 712 F.2d 231, 234-35 (6th Cir. 1983). Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment. Fed. R. Civ. P. 60(b); *McDowell v. Dynamics Corp. of America,* 931 F.2d 380, 384 (6th Cir.1991).

*In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003).

Contrary to former Defendants' contentions neither Rule 60(b) nor *Barrier* required Plaintiffs to file their original Rule 60(b) Motion within thirty days from the November 2004 Decision and Entry. This is so because the thirty-day time limit had not yet begun to run. When Plaintiffs attempted to appeal the November 2004 Decision and Entry, the Sixth Circuit Court of Appeals held that the Decision and Entry was an interlocutory appeal, not an appeal from a final decision of this Court. *See* Doc. #20. Consequently, the Decision and Entry was not a final appealable order, *see id.*, *see also*, 28 U.S.C. §§1291, 1292, and the thirty-day time for Plaintiffs to file an appeal had not begun to run. Rule 60(b) therefore did not require Plaintiffs to file their Motion within thirty days of the November 2004 Decision and Entry.

Accordingly, the former Defendants' timeliness contentions lack merit.

### B. Plaintiffs' Rule 60(b) Motion and Their Motion to Renew Lack Merit

The Court incorporates herein by reference that portion of the prior Decision and Entry describing Rule 60(b) and the case law applicable to Plaintiffs' Rule 60(b) Motion. *See* Doc. #46 at 2.

The former Defendants contend that Plaintiffs are not entitled to relief because their §1981 claims are unsupported by allegations of race discrimination and thus fail to state a claim upon

4

which relief can be granted.

Plaintiffs, in response, have clarified the basis of their §1981 claims, explaining:

Plaintiff has throughout the pleadings in this matter maintained that the Harco Defendants retaliated against him and wife for meeting with United Steel Workers Representatives to initiate a union vote in the workplace and for investigating the massive insurance fraud, theft by deception, and embezzlement of insurance premiums monies by Harco Corporation in concert and collusion with American Heritage Life Insurance Company. Plaintiff has alleged that he was subjected to false disciplinary proceedings and that he was demoted from his position and that these adverse actions were designed to prevent plaintiff from moving about the plant with his union related activities....

(Doc. #50 at 5-6 (emphasis added)).

Plaintiffs have thus clarified that their claims of discrimination and retaliation under §1981 are based on their union-related activities instead of their race. *See id*. Similarly, reading Plaintiffs' Complaint in light of this clarification reveals that Plaintiffs' theory is that the former Defendants violated §1981 by retaliating against them, discriminating against them, subjecting them to a hostile work environment – not because of their race – but because they engaged in union-related activities. *See* Doc. #2 at 2 (quoted above, *supra*, p. 1). Nothing in the plain language of §1981 protects employees from discrimination and retaliation based on their union-related activities without accompanying allegations of intentional race discrimination. *Cf. General Bldg. Contractors Ass'n., Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) ("We conclude, therefore, that §1981, like the Equal Protection Clause, can be violated only by purposeful discrimination."); *cf. also Harvis v. Roadway Express, Inc.*, 973 F.2d 490, 494 (6th Cir. 1992)("We hold that appellants have articulated this essential element of §1981, that their ability to enforce claimed contract rights was impaired because of their race.").

Instead of §1981, the Labor Management Relations Act (LMRA), 29 U.S.C. §158(a),

5

potentially provided Plaintiffs with a statutory basis supporting their claims of discrimination and retaliation due to their union-related activities. Section 7 of the LMRA secures an employee's right to join a labor union, "and Section 8(a) provides, among other things, that an employer who interferes with an employee's exercise of that right, or discriminates or retaliates against an employee because of membership in a labor union or participation in union activities, commits an unfair labor practice." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514 (6th Cir. 2003)(citing in part 29 U.S.C. §158(a))(other citations omitted). "The essence of an unfair labor practice under Section 8(a) is an employer's unfair treatment of an employee because of the employer's anti-union animus." *Id*. This is precisely the basis of Plaintiffs' claims of discrimination and retaliation, and as a result, the NLRA provided Plaintiffs with the statutory basis for their claims. *Cf. Loftis*, 342 F.3d at 514 ("Whether or not he intended to plead it, the plaintiff defined an unfair labor practice. As the district court correctly observed, the allegations describe acts that could undermine the 'industrial peace' that the NLRA was designed to preserve." (citations omitted)).[3]

The above conclusions are further supported by the lack of caselaw supporting Plaintiff's §1981 theory. At best for Plaintiffs, the cases they cite involved claims of intentional employment discrimination based on race or another statutory protected class. *See* Doc. #25 (and cases cited therein); *see also* Doc. #50 at 5 and Doc. #55. Plaintiffs do not cite a case holding that §1981 supports an employee's allegations of discrimination or retaliation based on the employee's union-related activities. *See* Doc. #s 25, 20, 55.

Accordingly, Plaintiffs' Motion for Pre-Trial Relief under Rule 60(b) and their Motion to Renew lack merit. The former Defendants' Motion to Strike is therefore moot.

---

[3] Plaintiffs' NLRA claims were previously dismissed because Plaintiffs did not file a charge of unfair labor practices with the National Labor Relations Board. (Doc. #14 at 5; Doc. #15).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' Motion for Pre-Trial Relief under Rule 60(b) (Doc. #25) and their Motion to Renew (Doc. #55) be DENIED;

2. The former Defendants' Motion to Strike (Doc. #56) be DENIED as moot.


May 18, 2007

                                                     s/ Sharon L. Ovington
                                                     Sharon L. Ovington
                                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).